RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6 / 9 / 11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JASON ZAWADZKI<br>    A.K.A. JASON ZAWADSKI<br>    #23034-038 | DOCKET NO. 11-CV-701 |
| VERSUS | JUDGE DEE D. DRELL |
| W. A. SHERROD, WARDEN | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Pro se Petitioner Jason Zawadzki filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on April 4, 2011. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP) incarcerated at the United States Penitentiary in Pollock, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Background*

Zawadzki and a co-defendant were apprehended by federal law enforcement officials after attempting to sell hand grenades to a government informant. Zawadzki subsequently pled guilty to one count of possession of unregistered destructive devices, one count of transferring unregistered destructive devices, and one count of felon-in-possession of firearms and ammunition. See U.S. v. Molloy, 324 F.3d 35 (1st Cir. 2003).

On November 21, 2001, the United States District Court for the District of Massachusetts sentenced Zawadzki to 13 years of

incarceration and three years of supervised release. [See U.S. v. Zawadzki, 1:00-cr-10077 (D.Ma.), Doc. #91, 94]. The Court concluded that Zawadzki's total offense level was 27 and that he had a Criminal History of Category VI based on 14 criminal history points. [Id.]. His sentencing guideline range was 130-162 months. [Id.]. Zawadzki filed a timely notice of appeal. [Id. at Doc. #93]. The First Circuit affirmed the judgment. See U.S. v. Molloy, 324 F.3d 35 (1st Cir. 2003). Zawadzki's petition for writ of certiorari was denied by the Supreme Court on October 6, 2003. See Zawadzki v. United States, 540 U.S. 852, 124 S.Ct. 140 (2003).

On October 4, 2004, Zawadzki filed his first Motion to Vacate under 28 U.S.C. §2255, arguing that a sentence enhancement was not proved beyond a reasonable doubt, as required by Blakely v. Washington, 124 S. Ct. 2531 (2004). [U.S. v. Zawadzki 1:00-cr-10077 (D.Ma.), Doc. #103]. The petition was dismissed on November 4, 2004. [Id. at Doc. #118 & 04-cv-12114]. On September 30, 2005, the Court of Appeals for the First Circuit summarily affirmed the disposition of Zawadzki's §2255 motion. [See Zawadzki v. U.S., 04-2600 (1st Cir. 2005].

On July 24, 2006, Zawadzki filed a second petition pursuant to 28 U.S.C. §2255. [Zawadski v. U.S., 1:06-cv-11273 (D.Ma.)]. Zawadzki's second petition claimed that his sentence was improper because prior state convictions used to calculate his criminal history points had later been overturned by the Massachusetts

Appeals Court. [Id.] However, Zawadzki had neither sought nor received certification to file a second or subsequent §2255 petition. Thus, the petition was denied. [Zawadski v. U.S., 1:06-cv-11273 (D.Ma.)] Zawadzki did not seek a certificate of appealability.

More than two years after his last §2255 was rejected, and more than three years after the three prior state counts of conviction were vacated by the state court, Zawadzki filed a third attack on his sentence on October 27, 2008. [See U.S. v. Zawadzki, 1:00-cr-10077 (D.Ma.), Doc. #111]. He raised the attack as a motion pursuant to 18 U.S.C. §3582. [Id. Doc.#111, 114]. On October 31, 2008, the court, sua sponte, converted the motion to a petition under 28 U.S.C. §2255. The court found that the motion was untimely and "plainly an end-run around the gate-keeping provisions of §2255." [Id. at Doc. #117] The motion was dismissed.

On June 10, 2010, Petitioner filed a motion pursuant to Federal Rule of Civil Procedure 60(b) to vacate and amend the court's order. [Id. at Doc. #126] It was treated as a motion for reconsideration and was transferred to the First Circuit Court of Appeals for a ruling as to whether Zawadzki may proceed with a second and successive petition that he is entitled to a resentencing because three prior state convictions used to calculate his criminal history points had been vacated. [Id. Electronic Order 10/12/2010, Doc. #128 & #129] The First Circuit

Court of Appeals found that Petitioner's claim was "subject to the gate-keeping provisions of 28 U.S.C. § 2255(h)." It concluded that "Petitioner's claim satisfies neither of those gate-keeping provisions because the claim is premised neither on a new rule of constitutional law nor on newly discovered evidence suggesting factual innocence of the federal offense underlying Petitioner's conviction. See 28 U.S.C. § 2255(h)." [See Judgment <u>Zadwadski[1] v. U.S.</u>, 10-2199 (1st Cir. 12/13/2010)] Accordingly, the application to file a second or successive 2255 petition was denied by the First Circuit.

On April 7, 2009, Petitioner filed a petition for writ of habeas corpus pursuant to §2241 in the Western District of Virginia. Again, he challenged the validity of his federal sentence based on the fact that three prior state convictions used to calculate his criminal history points had been vacated. <u>Zawadzki v. O'Brien</u>, 2009 WL 2596600 (W.D.Va. 2009). He argued that if the three state convictions had not been counted against him, his sentencing range under the United States Sentencing Guidelines Manual ("USSG") would have been lower. Zawadzki asserted that because the state sentences were vacated, he was "actually innocent" of the federal sentence he is now serving, that he did not know the necessary facts to bring that argument in his

---

[1] In some cases, Petitioner's last name is spelled Zawadski and in others, it is spelled Zawadzki.

initial §2255 motion, and that he cannot meet the gate-keeping requirements under §2255(h) and 28 U.S.C. §2244(b) so as to achieve certification to raise the claim in a successive §2255 motion. He asserted that §2241 was an appropriate remedy for an inmate claiming that he is actually innocent of a sentencing factor, based on events that occurred after the conviction became final. See Zawadzki v. O'Brien 2009 WL 2596600, 1 (W.D.Va. 2009).

The court found that Zawadzki could not meet the elements of the savings clause so as to allow the court to address his sentencing claim under §2241 and that the savings clause did not include his challenge to the validity of his federal criminal sentence based on after-discovered facts. Therefore, the §2241 petition was denied. Petitioner sought review in the Fourth Circuit Court of Appeals, which affirmed the dismissal for the reasons stated by the district court. See Zawadzki v. O'Brien, 375 Fed.Appx. 358 (4th Cir. 2010).

### Law and Analysis

In the above-captioned case, Petitioner is making the same argument that has been rejected by the District of Massachusetts, the First Circuit Court of Appeals, the District of West Virginia, and the Fourth Circuit Court of Appeals. Under Fifth Circuit law, federal prisoners may use §2241 to challenge the legality of their convictions or sentences only if they satisfy the §2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901

(5th Cir. 2001). The "savings clause" provides that a federal convict may file a writ of habeas corpus pursuant to §2241 if the §2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision, which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. See <u>Reyes-Requena</u>, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. <u>Jeffers v. Chandler</u>, 253 F.3d 827, 830 (5th Cir.2001); <u>Pack v. Yusuff</u>, 218 F.3d 448, 452 (5th Cir.2000). The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. <u>Jeffers</u>, 253 F.3d at 830; <u>Toliver v. Dobre</u>, 211 F.3d 876, 878 (5th Cir. 2000).

As the other courts addressing Petitioner's claim have noted, Zawadzki already presented his claim concerning the vacated state sentences in a §2255 motion, and relief was denied, as was his application to file a second or successive §2255 motion. See <u>U.S. v. Zawadzki</u>, 1:00-cr-10077 (D.Ma.); <u>Zawadski v. U.S.</u>, 10-2199 (1st Cir. 12/13/2010). Zawadzki's attempt to raise the present claim

has failed under §2241, as well. See Zawadzki v. O'Brien, 2009 WL 2596600 (W.D.Va. 2009)(citing, e.g., Johnson v. United States, 544 U.S. 295, 305-06 (2005). Two district courts and two appellate courts have already addressed these claims raised in §2255 and §2241 cases.

Petitioner has still failed to show that he meets the factors of Reyes-Requena, *supra,* and he raises the same claim previously raised in habeas challenges. This court is without jurisdiction to consider this Section 2241 petition. See, Nelson v. Reese, 214 F. App'x 465, 466 (5th Cir. 2007)(dismissing petitioner's 2241 petition, which was actually a 2255 motion, for lack of jurisdiction, where petitioner claimed that his sentence must be reopened because two state convictions used to enhance his sentence under the Armed Career Criminal Act (ACCA) were vacated by the state court).

Therefore, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DISMISSED** for lack of jurisdiction.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual**

finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this ___ day of _____, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE